UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:13-cv-428-FDW

| | |
|---|---|
| SILVANO R. BARRERA, )<br>)<br>Petitioner, )<br>)<br>vs. )<br>)<br>)<br>DENNIS DANIELS, Administrator, )<br>Maury Correctional Institution, )<br>)<br>Respondent. )<br>_____ ) | **ORDER** |

**THIS MATTER** is before the Court on initial review of Petitioner's habeas petition filed pursuant to 28 U.S.C. § 2241.

**I.     BACKGROUND**

Pro se Petitioner Silvano Berrera, a state court inmate currently incarcerated at Maury Correctional Institution, filed this action pursuant to 28 U.S.C. § 2241. On April 23, 2012, in Mecklenburg County Superior Court, Petitioner was convicted of attempted first-degree sexual offense. The trial court imposed a term of 157 to 198 months of imprisonment. Petitioner dated the § 2241 petition November 27, 2012, and it was stamp-filed on December 17, 2012. Petitioner originally filed this action in the Eastern District of North Carolina, and that court transferred the petition to this district on July 29, 2013. In his sole claim for relief, Petitioner contends that the state court lacked jurisdiction over him because he is a Mexican national, and he did not consent to the jurisdiction of the individual States or of the United States. Petitioner seeks to be released from state custody and then deported.

Because Petitioner is challenging his conviction, rather than merely attacking the

1

execution of his sentence, this action is properly classified as an action brought under 28 U.S.C. § 2254. Therefore, the Court will treat the petition as one brought under § 2254.

## II. STANDARD OF REVIEW

Rule 4 directs habeas courts promptly to examine habeas petitions. Rules Governing § 2254 Cases, Rule 4, 28 U.S.C.A. foll. § 2254. When it plainly appears from any such petition and any attached exhibits that the petitioner is not entitled to relief, the reviewing court must dismiss the motion. Id.

## III. DISCUSSION

Petitioner filed a motion to proceed in forma pauperis in the Eastern District of North Carolina, but he has not filed such motion in this Court, nor has he paid the $5.00 filing fee for this action. Petitioner's trust fund account statement submitted to the Eastern District of North Carolina indicates that as of December 14, 2012, Petitioner had $7.43 in his trust fund account. (Doc. No. 5). The Court will not allow Petitioner to proceed in forma pauperis in this Court, as he is able to pay the $5.00 filing fee.

In his sole claim for relief in his petition, Petitioner contends that the state court lacked jurisdiction to obtain a criminal conviction against him. Petitioner asserts that because he is a Mexican national he is not subject to the laws of the United States or of the individual States and that he is being unlawfully detained. See (Doc. No. 1 at 4) ("Petitioner was neither born or naturalized within the United States and was therefore not subject[] to the jurisdiction of the United States or of the State of North Carolina."). This contention is frivolous, as the laws of the individual States apply to all persons within State borders. See United States v. James, 328 F.3d 953, 954 (7th Cir. 2003). Therefore, Petitioner's non-citizenship did not deprive the State of North Carolina of jurisdiction over him. See Wright–El v. Jackson, No. 2:12–cv–6–RJC, 2012

WL 3614452, at *2 (W.D.N.C. Aug. 21, 2012) (rejecting as frivolous claim that state court lacked jurisdiction to convict habeas petitioner because he is a Moorish National). In sum, Petitioner's contention is meritless.[1]

Because the Court has construed this action as one arising under § 2254, the dismissal of this action will be without prejudice to Petitioner to bring a second or successive § 2254 petition raising non-frivolous claims without first having to seek authorization from the Fourth Circuit Court of Appeals. See Castro v. United States, 540 U.S. 375 (2003).

## IV. CONCLUSION

In sum, for the reasons stated herein, the petition will be dismissed without prejudice.

**IT IS THEREFORE ORDERED** that:

(1) The petition is dismissed without prejudice. Petitioner shall be denied in forma pauperis status, and he is responsible for paying the full $5.00 filing fee.

(2) The Clerk of Court is instructed to serve a copy of this Order and the petition on Respondent as well as the Attorney General of North Carolina, and note the manner of such service in the record.

(3) **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, this Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that

---

[1] Alternatively, Petitioner's claim is denied as unexhausted. Petitioner does not indicate that he raised this claim in state court on direct or collateral review. He may not raise it for the first time in a federal habeas petition. 28 U.S.C. § 2254(b)(1)(A); O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999) (Section 2254's exhaustion requirement requires state prisoners to give "the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process").

reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

Signed: August 6, 2013

Frank D. Whitney
Chief United States District Judge